JULIANA GARCÍA-TORRES ET AL., Plaintiffs and Appellants, *v.* HEIRS OF JOSEFA GARCÍA-RIVERA, Defendants and Appellees.

No. 4001. Argued January 20, 1927.—Decided April 29, 1927.

*M. Guzmán Texidor* for the appellants. *B. Fernández García* for the appellees.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Juliana García Torres and Apolonia Rivera sold to Josefa García Rivera a house in the town of Cayey. The deed of sale was executed on July 30, 1915, and in the clause describing the property it is stated that the house was built on a lot belonging to the municipality of Cayey. The purchase price was $1,200, of which $700 was paid in cash and the remainder of $500 was secured by a mortgage on the same property. On December 13, 1916, the purchaser paid the deferred $500 and the sellers stated in the deed of release and cancellation of the mortgage that the house was built on "its own ground." It had been stipulated in clause 2 of the former deed that, as the property had no recordable title, the purchaser could prove the ownership and record it as provided in the Mortgage Law. This is what the purchaser did: She instituted dominion title proceedings in which Juliana García Torres was summoned personally, and Apolonia Rivera by publication because she was absent in the United States. The lower court approved the proceedings and ordered the record.

Juliana García Torres and Apolonia Rivera, the wife and daughter respectively of Andrés Rivera Orellana, had ac-

quired in their turn that property from Orellana at his death, and having after the sale, found out from the statements in the two deeds mentioned that the lot on which the house was built was recorded in the registry of property in favor of their predecessor in interest, brought the present action for the nullity of the dominion title proceedings and the revendication of the lot.

In their answer the defendants alleged that the plaintiffs were estopped from pleading the ownership of the lot by reason of admissions made by the plaintiffs in the said deeds of sale and cancellation.

The lower court admitted the defense of estoppel alleged by the defendants and dismissed the complaint.

The question, therefore, to be decided in this case is to determine the real intention of the parties considering the circumstances of the sale, that is to say, whether the conveyance included only the house or whether the lot on which it was built was also included.

The theory of the complaint is that the plaintiffs never sold the lot on which the house was built and that the conveyance was confined solely to the latter, and the appellants maintain in their brief that they had made a mistake and had acted thereunder, not knowing that their real rights proceeded from the registry. Merely assuming that it was so, they were estopped from bringing their action in the absence of a showing as to the lack of a reasonable opportunity to verify the facts mentioned regarding the transaction and afterwards found out not to be true. It does not appear from the record that anything in this respect was done by the plaintiffs. It is a most natural thing, in cases of estoppel and in harmony with equity where such defense arises, to presume that every person is familiar with the rights belonging to him, considering that he has had a reasonable opportunity to be acquainted therewith, and

nothing could be more liable to abuse than to allow claims of that kind, in opposition to circumstances such as those presenting themselves in the present case, on the mere contention that the claimants were ignorant of their title.

In the deed of sale executed on July 30, 1915, it was stated that the lot belonged to the municipality of Cayey. On December 13, 1916, the appellants canceled the mortgage securing the deferred payment and stated in the deed that the house was built ''on its own ground.'' This last expression, usually employed in the description of town properties in the sense that the house and ground form a whole belonging to the same owner, seemed to admit implicitly that the lot had been embodied in the same transaction. Apparently the grantors acknowledged that they had no longer any interest in or title to the whole property. Long after, on September 10, 1920, the purchaser's heirs instituted dominion title proceedings and it was therein alleged that the house was built on its own ground, the area being described, the plaintiffs having been notified thereof and the proceedings being approved without opposition on their part. It was on April 10, 1924, that they filed the complaint in the present case.

From the foregoing it appears that the plaintiffs had reasonable opportunities, notwithstanding their own admissions, of having been better informed as to the legal status of their title. Therefore, if the defendants acted on those admissions, finally securing the record of the house and lot in the registry, they must suffer the natural consequences of their own actions, or statements, and can not now complain that the sale had not been effected as the predecessor of the defendants thought it had been consummated.

From the foregoing the judgment appealed from must be affirmed.